## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN THE MATTER OF THE | ) | No. |
| ADMINISTRATIVE INSPECTION OF | ) | |
| TURNING POINT CLINIC | ) | |
| 2401 East North Avenue, | ) | |
| BALTIMORE, MD 21213-0000 | ) | |

No.     $19-870-SAG$

### APPLICATION AND AFFIDAVIT FOR ADMINISTRATIVE
### WARRANT UNDER THE CONTROLLED SUBSTANCES ACT, 21 U.S.C. § 880(d)

1.    This affidavit seeks an administrative inspection warrant, pursuant to 21 U.S.C. §§ 880 *et seq.*, of the current place of business of TURNING POINT CLINIC, which is located at 2401 East North Avenue, Baltimore, MD 21213-0000. Pursuant to 21 U.S.C. § 880(b)(1), the purpose of this inspection is to verify the correctness of controlled substance inventories, records, reports, and other documents required to be kept under the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.* and to protect the public health and safety.

2.    21 U.S.C. § 880(d)(1) provides:

Any judge of the United States or of a State court of record, or any United States magistrate judge, may, within his territorial jurisdiction, and upon proper oath or affirmation showing probable cause, issue warrants for the purpose of conducting administrative inspections authorized by this subchapter or regulations thereunder, and seizures of property appropriate to such inspections. For the purposes of this section, the term "probable cause" means a valid public interest in the effective enforcement of this subchapter or regulations thereunder sufficient to justify administrative inspections of the area, premises, building, or conveyance, or contents thereof, in the circumstances specified in the application for the warrant.

1

Based on the facts set forth as follows, I believe there is probable cause for the requested warrant.

3.    That the Affiant, Sabrina M. Wynn, is a duly appointed Diversion Investigator of the Drug Enforcement Administration (DEA), United States Department of Justice, assigned to the Baltimore District Office.

4.    That in March 2010, the Affiant was hired by the DEA, and during her employment with the DEA, she has participated in the service of administrative inspection warrants.  Your Affiant has also received training in the manufacture, distribution and dispensation of Pharmaceutical Controlled Substances, and the corresponding records and inventories that are required pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970 (Public Law 91-513).

5.    That pursuant to 21 U.S.C. § 878(a)(2) and § 880(b)(1),(2) and (3), and 21 Code of Federal Regulations (C.F.R.) Appendix to Subpart R, your Affiant is authorized to execute Administrative Inspection Warrants for the purpose of inspecting controlled premises of persons and firms registered under the Controlled Substances Act, in order to inspect and verify the correctness of all records, reports and other documents required to be kept or made under 21 U.S.C. § 827, and 21 C.F.R. § 1304.01. Specifically, the Controlled Substances Act authorizes the DEA to conduct administrative inspections to: (1) inspect and copy

2

records, reports, and other documents required to be kept or made under the Controlled Substances Act; and (2) inspect the controlled premises, all pertinent equipment, drugs, and other substances or materials, containers, and labeling found therein (including records, files, papers, processes, controls, and facilities) appropriate for verification of the records, reports and documents, or otherwise bearing on the provisions of the Controlled Substances Act; and (3) inventory the stock of any controlled substance and obtain samples of such substance. *See* 21 U.S.C § 880(b)(3).

6. That TURNING POINT CLINIC is registered under the provisions of the Controlled Substances Act, 21 U.S.C. § 822 and § 823 *et seq.*, as a Narcotic Treatment Program, has been assigned DEA Registration Number RT0299633, authorized to handle Schedules II-III, and is conducting business at 2401 East North, Baltimore, MD 21213-0000. TURNING POINT CLINIC is authorized to dispense Methadone, which is a Schedule II controlled substance, and Suboxone, which is a Schedule III controlled substance.

7. That the said place of business located at 2401 East North, Baltimore, MD 21213-0000 is a controlled premise within the meaning of 21 U.S.C. § 880(a)(1) and (2), and 21 C.F.R. § 1316.02(c)(1) and (2). As such, TURNING POINT CLINIC is required to keep complete and accurate records of all controlled substances received, sold, prescribed, dispensed, purchased, delivered or

3

otherwise disposed of pursuant to 21 U.S.C. § 827 and 21 C.F.R. §§ 1304.01 *et seq.* on the controlled premises, and the inspection of the controlled premises is designed to ensure compliance with the aforementioned Controlled Substances Act and its regulations.[1]

8.     That your Affiant has examined the files and records of DEA and has determined that there is a need to conduct an in-depth accountability audit due to the last three onsite accountability audits conducted on August 10, 2017, January 31, 2018, and May 23, 2018, which resulted in Methadone and Suboxone discrepancies. The August 2017 audit showed an overage of 33 1,000 mL bottles of methadone.   An overage is a dispensed amount of a controlled substance greater than the amount that was purchased by the facility.   The January 2018 audit showed an overage of 46 1,000 mL bottles of Methadone.   The May 2018 audit showed an overage of 27 1,000 mL bottles of Methadone, an overage of 8 films of a 2 mg

---

[1]     The Controlled Substances Act provides for the inspection of items such as records, files and papers, the maintenance of which is not required under the Controlled Substances Act, but which is appropriate for the verification of the requirements of the Controlled Substances Act.    21 U.S.C. § 880(b)(3)(B).    Although the Controlled Substances Act does not explicitly provide for copying of items listed under 21 U.S.C. § 880(b)(3)(B), the Affiant requests that the Court authorize the copying (and seizure if necessary for the purpose of copying) such items in order to appropriately verify the records that are required to be kept under 21 U.S.C. § 880(b)(3)(A).    Further, if the relevant items are to be copied at the same time, it will allow DEA to more quickly, efficiently, and thoroughly inspect the registered premises, and minimize disruption of pharmacy business.

4

dose/film of Suboxone, and a shortage of 2 films of 8 mg dose/film of Suboxone. A shortage is a dispensed amount of a controlled substance that is less than the amount purchased or otherwise accounted for by the facility. At the time of the May 2018 audit, TURNING POINT CLINIC had only been dispensing Suboxone for approximately one month.

9. It is unlawful under 21 U.S.C. § 842(a)(5) for any person "to refuse or negligently fail to make, keep, or furnish any record" that the person is required to keep under the Controlled Substances Act. Record keeping that demonstrates either shortages or overages of controlled substances can constitute record keeping violations of the Controlled Substances Act. *See United States v. Little*, 59 F.Supp.2d 177, 185 (D. Mass. 1999).

10. That your Affiant further states that in view of the foregoing circumstances, the inspection herein applied for is requested for the purpose of protecting the public health and safety, and results from a valid public interest in the effective enforcement of the Controlled Substance Act and implementing regulations.

11. The Affiant further states that the inspection will be conducted during regular business hours, and that the Investigator's credentials will be presented to the registrant, and that the inspection will begin as soon as practicable after the issuance of the warrant and will be completed with reasonable

5

promptness and that the warrant will be returned within ten (10) days.

12. The Affiant further states, pursuant to 21 U.S.C. § 827, and 21 U.S.C. § 880(b)(3)(A), the inspection will extend to the inspection and copying of inventories (perpetual and biennial), records, reports, prescriptions, order forms, invoices, files (to include electronically stored or computerized records and files), and other documents required to be kept, and to the inspection of all other things herein, including records, files, and paper appropriate for verifying the records, reports, and documents required to be kept under the Controlled Substances Act, including ordered material drug lists of supplies and suppliers, DEA Form 222s, prescriptions, and computerized records of purchase and distribution.

13. The Affiant further states that, pursuant to 21 U.S.C. § 880(b)(3)(B), the inspection will extend to the inspection and copying (where applicable and if authorized) of the controlled premises, equipment, drugs, containers, and labeling, and all other things therein including records, files and papers, processes, controls, and facilities appropriate for the verification of the Controlled Substances Act such as written and electronic correspondence regarding maintenance of inventories, theft or loss reports, communications related to TURNING POINT CLINIC's compliance with the Controlled Substances Act, written

6

policies procedures and training regarding maintenance of inventories, perpetual inventories, biennial inventories, internal audits, and manuals or written material describing computer programs or other procedures used by TURNING POINT CLINIC to maintain inventories of controlled substances appropriate for the verification of the records, reports, and documents required to be kept under the  Controlled Substances Act.

14.  The Affiant will be accompanied by one or more Investigators who are employees of the Attorney General authorized to conduct administrative inspections and one or more DEA Diversion Task Force Officers assigned to the Baltimore District Tactical Diversion Squad.  A return will be made to this Magistrate upon the completion of the inspection.  The Affiant further states that she has verified and has knowledge of the facts alleged in this affidavit, and that they are true to the best of her knowledge.

***Signatures on the following page***

19-870-SAG

Sabrina M. Wynn
Diversion Investigator
Drug Enforcement Administration

Sworn to before me and subscribed
In my presence on this _12_ day of
March _____ 2019.

United States Magistrate Judge
United States District Court
For the District of Maryland

8